UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>REDSTONE ENERGY, INC.,<br><br><br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:22-cv-00742 MSN/IDD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund's ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment against Defendant Redstone Energy, Inc. ("Redstone" or "Defendant") pursuant to Fed. R. Civ. P. 55(b) ("Motion"). Dkt. No. 9. After Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Count I of the Complaint.

1

## I. INTRODUCTION

On July 1, 2022, Plaintiffs filed this action under Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451. Compl. ¶ 1. ERISA allows parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek monetary judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, and attorneys' fees and costs.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this case arises under a federal law, ERISA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen of the United States would have difficulty showing such extreme inconvenience or

unfairness. *Id*. Here, the Funds are administered in Falls Church, Virginia, (Compl. ¶ 3), which is within the Eastern District of Virginia and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under Massachusetts law and has its principal places of business in Massachusetts, (Compl. ¶ 12), it would be "highly unusual" for Defendants to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as the Plaintiff Fund is administered in this district, and its principal place of business is in Falls Church, Virginia. *See* Compl. ¶ 3. Therefore, venue is appropriate in this Court.

### B.   Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h). On September 6, 2022, after two unsuccessful attempts, a private process server served a true and correct copy of the Summons and Complaint on Redstone via certified mail. Therefore, Plaintiffs properly served Defendant, pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h)(1)(B).

### C. Grounds for Default Judgment

Plaintiffs filed their Complaint on July 1, 2022. Dkt. No. 1. Defendant has failed to appear,

answer, or file any other responsive pleadings in this matter. On October 12, 2022, Plaintiffs filed a Request for Entry of Default with the Clerk. Dkt. No. 7. On October 13, 2022, the Clerk entered default against the Defendant. Dkt. No. 8. On October 28, 2022, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on December 2, 2022. Dkt. Nos. 9-12. After the Defendant failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 12.

## II.   EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil

4

Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.    FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Plaintiffs are trustees of multi-employer employee benefit plans administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia. Compl. ¶ 5. Defendant is a Massachusetts corporation with its principal place of business in Tyngsboro, Massachusetts. *Id.* ¶ 12. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id.*

Defendant is signatory to the collective bargaining agreement ("CBA" or "Agreement") with Local Union No. 17 ("Local 17" or the "Union"), and is obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs for all hours worked or paid on behalf of Defendant's covered employees. Compl. ¶¶ 13-14. During the period of May 2021 through February 2022, Defendant employed certain employees within Local 17 who were covered under the Agreement. *Id.* ¶ 19. Defendant failed to make all obligatory contributions to Plaintiffs for work performed at the Defendant's request for the months of May 2021 through February 2022. *Id.* Plaintiffs seek payment of delinquent contributions due to it under the Trust Document. *Id.* ¶ 23.

### A. Count I – Delinquent Contributions

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multi-employer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages provided for under the plan, not to exceed 20 percent of the unpaid contributions, reasonable attorney's fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

According to the CBA and the Trust Document signed by Defendant, Defendant was obligated to provide reports to Plaintiffs and timely contribute to the Funds in accordance with those reports. Br. in Supp. of Pl.'s Mot. for Default J. at 8. Defendant failed to timely remit contributions owed during the period of May 2021 through February 2022. Plaintiffs filed a declaration in support of its motion, reflecting that Defendant owes contributions in the amount of $47,019.91, $3,792.00 in interest (as of December 2, 2022), and $9,403.98 in liquidated damages on unpaid contributions. Anderson Decl. ¶¶ 9-12. Therefore, the undersigned Magistrate Judge finds that the following delinquent contributions, liquidated damages, and interest are reasonable:

| *Plaintiffs* | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 12/2/2022)* | *Total* |
|---|---|---|---|---|
| Funds | $47,019.91 | $9,403.98 | $3,792.00 | $62,106.78 |

### B. Attorney's Fees and Costs

Finally, Plaintiffs seek $3,862.16 in attorney's fees and costs. *See* Decl. of John R. Mooney ¶¶ 5-6. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect the reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from their attorney and a detailed billing statement in support of their request for attorney's fees and costs. Dkt. No. 10-2. In those documents, Plaintiffs claim $613.16 in costs and $2,922.50 in attorney's fees, based on 14.9 hours of expended counsel time at a litigation rate of $275.00 per hour for partners and $150.00 per hour for paralegals. *Id.* ¶¶ 5-6. Time spent by counsel includes researching legal theories, drafting and filing the complaint, arranging for service of process, drafting and filing clerk's entry of default, and drafting the motion for default judgment and supporting documents. *Id.* at ¶ 5. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiffs' request for attorney's fees and costs to be reasonable and recommends an award of $3,862.16.

### IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Board of Trustees Sheet Metal Workers' National Pension Fund. In sum, Plaintiff is entitled to damages in the total amount of $62,106.78 and attorney's fees and costs in the amount of $3,862.16, for a total of $65,968.94.

## V.     NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

    /s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

April 25, 2023
Alexandria